In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00183-CR


______________________________




CLAVETON JAMOND HOLMAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 240th Judicial District Court


Fort Bend County, Texas


Trial Court No. 33,287




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 On December 18, 2000, Claveton Jamond Holman pled guilty to the offense of aggravated
robbery in Fort Bend County, cause number 33289. Holman simultaneously pled guilty to a second
indictment for aggravated robbery in Fort Bend County, cause number 33287. After admonishing
Holman about the punishment range applicable in these cases (five to ninety-nine years, or life), the
trial court accepted Holman's plea in each case, deferred findings of guilt, and (pursuant to a plea
agreement) placed Holman on community supervision for a period of six years, provided and
conditioned that Holman not use alcohol or controlled substances, report to the community
supervision officer each month, maintain suitable employment, pay a monthly supervision fee, pay
a fine and costs of court, reimburse the county for court-appointed attorney's fees, work 300 hours
of community service, complete a literacy laboratory and a psychological evaluation, make a one-time payment to the local Crime Stoppers program, and comply with the trial court's orders regarding
electronic monitoring. 

 On July 25, 2001, the State filed motions to adjudicate Holman's guilt in both cases. The
State subsequently amended its motions to adjudicate Holman's guilt in each case. In a consolidated
hearing, the trial court heard evidence and argument on the amended motions to adjudicate guilt. 
At the conclusion of the hearing, the trial court ruled the State had proven Holman violated the terms
of his community supervision. The court then adjudicated Holman's guilt in both cases and
sentenced him to sixteen years' imprisonment in each case. The two sentences were ordered to be
served concurrently. Holman filed a pro se notice of appeal.

 On January 10, 2003, Holman's appellate counsel filed an Anders (1) brief in which counsel
professionally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal and, as required by Anders, also filed a motion to withdraw. Counsel
sent Holman a copy of the appellate brief and informed Holman of his right to file a pro se response
and of his right to review the record. 

 This Court informed Holman at that time that his response, if any, was due within thirty days. 
Holman has since requested two extensions of time to file his response brief. We granted both
requests, but as of this date, Holman has not filed a pro se response. Nor has the State filed a brief
in this case. 

 We have independently reviewed the record in this case and concur with counsel's assessment
that there are no meritorious points of error that may be raised. Since the briefs and arguments raised 





therein are identical in each appeal, for the reasons stated in Claveton Holman v. The State of Texas,
No. 06-02-00182-CR, we likewise affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 28, 2003

Date Decided: July 8, 2003


Do Not Publish 

1. Anders v. California, 386 U.S. 738 (1967).


efendant of a valuable right, or vitally affect a
defensive theory. Id. at 461-62.

 Brightmon attempts to show error in a separate fashion by arguing that, because the record
shows the jury was given the impression that he could be guilty of aggravated assault without
evidence of a threat of imminent bodily injury, the absence of explanation caused egregious harm. 
Brightmon relies on Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006), to make his
argument.

 In Sanchez, the Texas Court of Criminal Appeals ultimately found both error and egregious
harm because the jury was instructed in such a way "that it was not required to find at least two
elements of the offense . . . to be proven beyond a reasonable doubt prior to convicting the
appellant." Id. at 125.

 We do not find Brightmon's argument persuasive. In this case, the jury was properly
instructed in the charge that it could find Brightmon guilty only if it concluded beyond a reasonable
doubt that he had committed each element of aggravated assault. This differs from the situation
described in Sanchez, where the charge instructs the jury that it could find a defendant guilty of an
offense, but then omits a necessary element of the offense from the charge. In either situation, the
question is whether the jury followed the charge as given by the court. In Sanchez, if the jury did
so, it could convict without finding that he had committed elements of the offense.

 We generally presume the jury follows the trial court's instructions. Renteria v. State, 206
S.W.3d 689, 707 (Tex. Crim. App. 2006); Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App.
1998); Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (jury presumed to follow
court's instructions as given); Loun v. State, 273 S.W.3d 406, 421 n.21 (Tex. App.--Texarkana 2008,
no pet.). As stated in Colburn, the presumption is rebuttable, but the appellant has pointed to no
evidence in rebuttal. Our review of this record reveals nothing other than speculation and argument
of counsel to suggest that the jurors did other than as they were instructed to do. Under these facts,
we presume the jury followed the trial court's instructions.

 No error has been shown. Even if the absence of an explanatory instruction was error,
egregious harm has not been demonstrated.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 12, 2009

Date Decided: July 9, 2009


Do Not Publish
1. We recognize that a defendant is entitled, upon a timely request, to an instruction on any
defensive theory raised by the evidence, provided that (1) the defendant timely requests an
instruction on that specific theory, and (2) the evidence raises that issue. Rogers v. State, 105
S.W.3d 630, 639 (Tex. Crim. App. 2003); Peavey v. State, 248 S.W.3d 455, 464 (Tex.
App.--Austin 2008, pet. ref'd). In this case, the instruction now contemplated does not involve a
defensive theory, but an explanation of the absence of a formerly alleged crime from the charge.